UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

Chad Steven Sachs,
    Debtor.

Bky. No. 20-41507
Chapter 13 case

**NOTICE OF HEARING AND MOTION OF
CONCORDE BANK, OBJECTING TO PLAN CONFIRMATION**

TO: The Debtor and other entities specified in Local Rule 9013-3.

1. Concorde Bank ("the Bank") moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion concurrently with the scheduled plan confirmation hearing, at 10:00 a.m. on August 20, 2020, in Courtroom No. 8 West, at the United States Courthouse, at 300 S 4th Street, Minneapolis, Minnesota.

3. Any response to this motion must be filed and served not later than August 15, 2020, which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 USC §§ 157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on June 2, 2020. The case is now pending in this Court.

5. This motion arises under 11 USC §§ 1324-26 and FRBP 3015. This motion is filed under FRBP 9014 and Local Rules 3015-3 and additional local rules referenced therein. Movant requests an order denying or deferring confirmation of the Debtor's plan.

6. The facts underlying this objection are stated and verified in the memorandum of law accompanying this motion, and are restated below.

7. The Debtor has not yet appeared and testified at a § 341 meeting. The Bank objects to a confirmation hearing before the § 341 meeting is held.

8. The Debtor missed or was late on at least his first two payments to the trustee, and has had difficulty obtaining and maintaining insurance on his own property as well as other bank collateral. These circumstances indicate that the Debtor will be unable to carry out the terms of his Plan.

9. The Plan misstates the amount of the Bank's fully secured claim. The Bank has filed Claim No. 5 in the fully secured amount of $71,788.98. The Debtor agrees (schedules, ECF 1 at 20-21, 26) that the Bank's collateral exceeds its claim amounts, but he disregards the cross-collateralization and therefore lists a portion of the debt as unsecured. ECF 1 at 26. The Plan incorrectly assumes that the Bank is undersecured. ECF 2 at 3, nonstandard provision 17.1. It also fails to schedule sufficient payments to pay the claim.

10. Having assumed that the Bank is undersecured, the Plan also fails to provide for amounts, as yet undetermined, allowable to the Bank as an oversecured creditor under 11 U.S.C. § 506(b). These include, at minimum, interest that continued to accrue on the debt since the petition date; and also reasonable fees, costs, or charges provided for under the debt instruments attached to Claim No. 5. Those other charges will be determined by later motion or agreement, but thus far have included legal representation of the Bank post-petition, as well as storage charges related to the scheduled LLC property (ECF 1 at 13) that are collateral for the Bank's claims in this case.

WHEREFORE, the Court must defer a confirmation hearing until after the § 341 meeting, and should deny confirmation of the Debtor's plan.

Dated:  August 12, 2020

    /e/ Kurt M. Anderson
Kurt M. Anderson  # 2148
Attorney for Concorde Bank
P.O. Box 15667
Minneapolis, Minnesota 55415-0667
(612) 333-3185

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

Chad Steven Sachs,
    Debtor.

Bky. No. 20-41507
Chapter 13 case

**VERIFIED MEMORANDUM OF LAW IN SUPPORT OF
CONCORDE BANK'S OBJECTION TO PLAN CONFIRMATION**

Concorde Bank (the Bank) objects to confirmation of the Debtor's plan on the following grounds. Each of them is an independent ground for denying plan confirmation, and together they further mandate rejection of the plan.

The "Debtor has the burden of proving that the conditions for confirmation have been satisfied." *In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005).

1.    The Debtor has not yet appeared and testified at a § 341 meeting. 11 U.S.C. § 1324(b), referencing 11 U.S.C. § 341(a). The Bank objects to a confirmation hearing before the § 341 meeting is held.

2.    The Plan (ECF 2) is not feasible. 11 U.S.C. § 1325(a)(6). The Debtor missed or was late on at least his first two payments to the trustee, failing to comply with § 1326(a)(1), and has had difficulty obtaining and maintaining insurance on his own property as well as other bank collateral. These circumstances indicate that the Debtor will be unable to carry out the terms of his Plan.

3.    The Plan misstates the amount of the Bank's fully secured claim. The Bank has filed Claim No. 5 in the fully secured amount of $71,788.98. The Debtor agrees (schedules, ECF 1 at 20-21, 26) that the Bank's collateral exceeds its claim amounts, but he disregards the cross-collateralization and therefore lists a portion of the debt as unsecured. ECF 1 at 26. The Plan

incorrectly assumes that the Bank is undersecured. ECF 2 at 3, nonstandard provision 17.1. It also fails to schedule sufficient payments to pay the claim.[1]

The Bank is entitled to full payment of its allowed, fully secured claim as filed. 11 U.S.C. § 1325(a)(5)(B)(ii).

4.      Having assumed that the Bank is undersecured, the Plan also fails to provide for amounts, as yet undetermined, allowable to the Bank as an oversecured creditor under 11 U.S.C. § 506(b). These include, at minimum, interest that continued to accrue on the debt since the petition date; and also reasonable fees, costs, or charges provided for under the debt instruments attached to Claim No. 5. Those other charges will be determined by later motion or agreement, but thus far have included legal representation of the Bank post-petition, as well as storage charges related to the scheduled LLC property (ECF 1 at 13) that are collateral for the Bank's claims in this case.

Because the Plan fails to comply with these fundamental requirements, the Court must defer a confirmation hearing until after the § 341 meeting, and deny confirmation.

Respectfully submitted,

/e/ Kurt M. Anderson
_____
Kurt M. Anderson  # 2148
Attorney for Concorde Bank
P.O. Box 15667
Minneapolis, Minnesota 55415-0667
(612) 333-3185

---

[1]   If one assumes that the home mortgage (approximately $42,500) will be paid outside of the plan, $29,288.98 remains to be paid in the plan with annual interest at 7.6 percent. Claim No. 5 at PDF page 4. That requires 60 monthly payments, net of trustee fees, of $588.28. The Debtor proposes to pay $480.59. ECF 2 at 2, Part 10.1. Additional allowed amounts under § 506(b) will increase the monthly payment amount.

## VERIFICATION

I hereby declare under penalty of perjury that I am the ___President___ _____ of the Movant; and that I have read the foregoing motion objecting to plan confirmation, and that the facts stated therein are true and correct.

Executed on: __8-12-2020__    _Larry G. Knutson_ (signature)

Printed name: __Larry G. Knutson__

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Chad Steven Sachs,<br>   Debtor. | Bky. No. 20-41507<br>Chapter 13 case |

**ORDER DEFERRING HEARING ON PLAN CONFIRMATION**

Concorde Bank ("the Bank") has objected to the confirmation of the Debtor's plan. Appearances, if any, were noted on the record at confirmation proceedings on August 20, 2020. Because the Debtor has not yet testified at a meeting under 11 U.S.C. § 341(a), the confirmation hearing cannot be held over the Bank's objection.  11 U.S.C. § 1324(b).  Therefore, the confirmation hearing and related objection and response deadlines are deferred to a date to be set after the completion of the § 341 meeting.

So ordered this _____ day of _____, 2020.


_____
Hon. Robert J. Kressel
United States Bankruptcy Judge